Lynn S. Walsh, OSB #924955
email: walsh@europa.com
610 SW Alder St., #415
Portland, Oregon 97205
Telephone: 503-790-2772
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| JEFFREY SIMMS-BELAIRE, <br><br> Plaintiff, <br><br> vs. <br><br> WASHINGTON COUNTY and NAPHCARE, INC. <br><br> Defendants. | NO. <br><br> COMPLAINT <br> Civil Rights Action (42 U.S.C. § 1983); Americans with Disabilities Act (42 U.S.C. 12101 et seq.); Rehabilitation Act (29 U.S.C. § 794); Negligence <br><br> DEMAND FOR JURY TRIAL |

  This is a Civil Rights and Americans with Disabilities action with a pendent state claim for negligence concerning the defendants' deliberate indifference to and refusal to accommodate a physically disabled man. Plaintiff, who was being lodged at the Washington County Jail, is a paraplegic who requires hi-top type shoes in order to protect his feet from injury. Even though Plaintiff brought his shoes with him to the jail and informed the jail staff of the need for his shoes, and even though the jail staff understood his risk of injury if he was not properly shoed, the jail staff nevertheless denied him the use of any adequate footwear, resulting in him living his daily life barefoot as a result of ill-fitting substitute footwear. As a result, Plaintiff's ankle

Page 1  COMPLAINT  LYNN S. WALSH,
OSB#92495
Suite 415
610 SW Alder Street
Portland, Oregon 97205
(503) 790-2772
walsh@europa.com

developed an ulcer which developed into a severe bone infection. After his release from the Washington County Jail, he was diagnosed with a bone infection in his foot and underwent surgery.

## JURISDICTION

1. This court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. §§ 1983 and 12101 et seq., 29 U.S.C. § 794, and 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4). Pendent jurisdiction is asserted for separate state law claims under 28 U.S.C. § 1367.

## VENUE

2. Venue is proper within the District of Oregon because all of the events giving rise to this claim occurred in this judicial district, and all defendants reside in this judicial district. 28 U.S.C. § 1391(b). Specifically, all of the acts and practices alleged herein occurred in the Washington County Jail in Hillsboro, Oregon.

## PARTIES

3. Plaintiff Jeffrey Simms-Belaire is an adult currently residing in Washington County, Oregon.

4. Defendant Washington County is a county in the State of Oregon. At all times relevant, Washington County was obligated to provide services which promote and protect the health of the adults and juveniles entrusted to its care. This includes providing medically acceptable treatment and accommodations for inmates' with diseases and conditions. At all times relevant, defendant Washington County was a public entity within the meaning of Title II of the Americans with Disabilities Act and, upon information and belief, received federal financial assistance within the meaning of the Rehabilitation Act.

Page 2    COMPLAINT

LYNN S. WALSH,
OSB#924955
Suite 415
610 SW Alder Street
Portland, Oregon 97205
(503) 790-2772
walsh@europa.com

5. Defendant Naphcare, Inc. is a corporation with its principle office in Birmingham, Alabama. It is registered to do business in Oregon. Naphcare is in the business of providing healthcare to correctional facilities and provides the healthcare of Washington County Jail inmates.

6. At all times relevant, all defendants acted under color of state law.

## FACTUAL ALLEGATIONS

7. Mr. Simms-Belaire is a paraplegic.

8. Mr. Simms-Belaire was booked into the Washington County Jail in Hillsboro, OR on October 27, 2017.

9. Upon intake, he was not given shoes he could use, and was forced to exist barefoot.

10. Paraplegics are at risk for injury and infections of their lower limbs because they cannot feel the damage they are doing to themselves. Therefore, it is imperative that their lower limbs are protected.

11. The employees and agents of both Naphcare, Inc. and the Washington County Jail (WCJ) all knew of Mr. Simms-Belaire's propensity for injury because he experienced severe burns on his lower legs shortly after his arrival at the jail due to hot water in the shower. Nevertheless, he continued on without appropriate shoes.

12. On January 10, 2018, Mr. Simms-Belaire was seen by Naphcare physician Julie Radostitz. Mr. Simms-Belaire explained to Dr. Radostitz that he needed shoes in order to prevent injury to his feet. He explained that he had previously had a toe amputated due to his feet dragging on the ground. She provided surgical shoes for him to wear. She did no

Page 3     COMPLAINT     LYNN S. WALSH,
OSB#924955
Suite 415
610 SW Alder Street
Portland, Oregon 97205
(503) 790-2772
walsh@europa.com

investigation as to whether this was an appropriate accommodation. These shoes did not appropriately protect his feet and ankles.

13. Because Mr. Simms-Belaire could not feel his lower extremities, he was unaware that his ankle was resting on the metal of the wheelchair, and he developed an ulcer on his ankle.

14. On March 3, 2018, he noticed that he had a sore on his ankle, and promptly notified the Naphcare medical department. He was told that he would be seen by a nurse on sick call, but that he "will not know the day or time."

15. Mr. Simms-Belaire was not seen by a Naphcare provider until March 5, 2018 for the wound on his ankle. He explained to Martha Rojo, NP that the ankle sore was caused by the friction of his foot against the wheelchair and that he would like his hi-top tennis shoes to prevent this from happening again. Mr. Simms-Belaire further explained that due to his foot drop, he cannot wear the shoes provided to the other inmates at the jail. The progress note indicates that Ms. Rojo refused the shoe request stating that "personal boot style shoes not allowed in jail" and recommended wearing approved post-op shoes.

16. The recommended post-op shoe did not solve the problem of Mr. Simms-Belaire's ankle rubbing against the metal of his wheelchair.

17. On March 10, 2018, Mr. Simms-Belaire made a medical request stating that his ankle was still leaking fluid, and that he did not have medical supplies to deal with it. The medical department ordered "Wound Care" for him.

18. On March 29, 2018, Mr. Simms-Belaire was seen again by NP Rojo. She noted that Mr. Simms-Belaire is prone to injuring his feet and ankles because he hits and scrapes them

Page 4   COMPLAINT

LYNN S. WALSH,
OSB#924955
Suite 415
610 SW Alder Street
Portland, Oregon 97205
(503) 790-2772
walsh@europa.com

without noticing until he actually sees blood or someone tells him, and that he currently had a wound on his left ankle. She notes his wound has not healed.

19. On April 12, 2018, Mr. Simms-Belaire made a medical request stating that his wound is not healing because there has been no change to the situation that caused the wound.

20. On April 14, 2018, Mr. Simms-Belaire made another medical request stating that his ankle is still rubbing on his wheelchair, and requested an "accommodation" in order to solve the problem.

21. On April 15, 2018, Mr. Simms-Belaire was seen by a nurse for wound care. She noted that the wound presents with red, granulated surface, measures 1.5 cm diameter, and had a depth of 3-4 mm. Mr. Simms-Belaire reported that in the past he was provided with higher shoes to protect his ankle. The nurse gave him some material to wrap around his ankle to protect it.

22. Mr. Simms-Belaire was seen by NP Martha Rojo on April 16, 2018 where Mr. Simms-Belaire reported that his ankle was not improving, and that it continued to rub on his wheelchair. Ms. Rojo had Mr. Simms-Belaire wheelchair tubes covered with foam padding to prevent his ankle from rubbing.

23. The last wound care received by Mr. Simms-Belaire was on April 26, 2018. The wound records for the week preceding and including April 26, 2018 make no mention of the wound at all, or whether it was healing.

24. Apparently it was not healing, because on May 2, 2018, Mr. Simms-Belaire made another request for medical treatment stating his wound had not healed. The records do not indicate that he was seen by anyone.

LYNN S. WALSH,
OSB#924955
Suite 415
610 SW Alder Street
Portland, Oregon 97205
(503) 790-2772
walsh@europa.com

25.     Mr. Simms-Belaire was released to Oregon Department of Corrections (ODOC) custody on May 17, 2018.

26.     Due to the state of the wound upon Mr. Simms-Belaire 's arrival at ODOC on May 17, 2018, the provider immediately ordered a wound vac for his left ankle, a culture of the wound, x-ray, blood work and wound care until healed.

27.     Despite ODOC's diligent efforts, Mr. Simms-Belaire developed a stage IV ulcer on his ankle, and required surgery.

28.     As a direct result of the defendants' conduct, including their failure to accommodate Mr. Simms-Belaire and provide him with his protective shoes, he incurred significant medical bills.

## FIRST CLAIM FOR RELIEF

**(Americans with Disabilities Act and § 504 of the Rehabilitation Act against Defendant Washington County)**

29.     Plaintiff realleges paragraphs 1-28.

30.  Upon information and belief, Washington County has been the recipient of federal funds, and is thus covered by § 504's mandate, which requires recipients of federal monies to reasonably accommodate persons with disabilities in their facilities, program activities, and services, and reasonably modify such facilities, services, and programs to accomplish this purpose.

31.  Washington County is a public entity within the meaning of Title II of the ADA, and provides programs, services or activities to the general public.   Title II of the ADA has essentially the same mandate as Section 504.

Page 6    COMPLAINT

LYNN S. WALSH,
OSB#924955
Suite 415
610 SW Alder Street
Portland, Oregon 97205
(503) 790-2772
walsh@europa.com

32. At all times relevant to this action, Mr. Simms-Belaire was a qualified individual within the meaning of Title II of the ADA and met the essential eligibility requirements for the receipt of the services, programs, or activities of the Washington County Jail. Specifically, Mr. Simms-Belaire suffered from paraplegia and a drop foot that "substantially limits one or more major life activities," including but not limited to the general life activities such as "walking, standing . . . and working . . . ." 42 U.S.C. §12102.

33. Washington County provides housing, medical and mental health treatment, and work and educational programs to prisoners, which comprise programs and services for Section 504 and Title II purposes.

34. Under the ADA and Rehabilitation Act, Washington County is required to accommodate disabled prisoners, including providing prisoners with necessary shoes or other medical equipment, providing the same level of medical care to disabled prisoners, and allowing prisoners to participate in the same programs and services as those prisoners who are not disabled.

35. Washington County was deliberately indifferent in failing to provide Mr. Simms-Belaire with reasonable accommodations and other services related to his disabilities, and denied him the rights and benefits accorded to other inmates, solely by reason of his disabilities in violation of the ADA and Rehabilitation Act in the following particulars:

    a. Washington County failed to provide Mr. Simms-Belaire with his shoes or an that he brought with him to the jail, or an appropriate substitution, resulting in an infection, hospitalization, and medical bills as alleged above.

    b. The ADA and Rehabilitation Act require that physically disabled prisoners have

Page 7    COMPLAINT

LYNN S. WALSH,
OSB#924955
Suite 415
610 SW Alder Street
Portland, Oregon 97205
(503) 790-2772
walsh@europa.com

access to adequate medical care. Mr. Simms-Belaire was denied adequate medical care. Specifically, the Washington County jail staff failed to treat Mr. Simms-Belaire ankle and resulting infection resulting in a hospitalization and medical bills as alleged above.

c. The ADA and Rehabilitation Act require that physically disabled prisoners have access to Washington County jail programs, services, activities, work and educational opportunities. As a result of the lack of accommodation and resulting infection, Mr. Simms-Belaire was denied some programs, services, and activities available to the prisoners, e.g., recreation, job programs, etc.

36. The Washington County jail staff failed to enforce appropriate policies and procedures to ensure the provision of necessary accommodations, modifications, and/or programs and services to inmates with disabilities.

37. The WashingtonCounty jail failed to train and supervise the jail personnel to provide necessary accommodations, modifications, services and or physical access to inmates with disabilities.

38. As a direct and proximate result of Washington County's foregoing wrongful acts, defendant Washington County discriminated against Mr. Simms-Belaire on the basis of his disability in violation of the Americans with Disabilities Act and Rehabilitation Act, causing him to suffer a painful and oozing ulcer, infection, pain and suffering for many months, and lack of access to the programs and services of the jail during his incarceration at the Washington County jails.

39. Accordingly, plaintiff is entitled to economic and non-economic damages in an amount to be determined at trial against defendant Multnomah County for the violations of 42

Page 8   COMPLAINT

LYNN S. WALSH,
OSB#924955
Suite 415
610 SW Alder Street
Portland, Oregon 97205
(503) 790-2772
walsh@europa.com

U.S.C. § 12101 et seq., § 504 of the Rehabilitation Act, and for plaintiff's attorney fees and costs pursuant to 29 USC § 794a(b) and 42 U.S.C. §§ 12205 and 1988.

## SECOND CAUSE OF ACTION

**(Civil Rights 42 U.S.C. § 1983 Against Defendants Washington County and Naphcare)**

40.     Plaintiff realleges paragraphs 1-28.

41.     Defendants Washington County and Naphcare were deliberately indifferent in the following ways:

    a.     In failing to implement and enforce adequate policies and procedures regarding the needs of disabled inmates;

    b.     In having a policy or procedure that denies the physically disabled inmates from their own special needs items such as footwear;

    c.     In having a policy or procedure that unilaterally denies the physically disabled inmates from wearing hi-top tennis shoes in the jail; and

    d.     by failing to train its employees regarding the needs of disabled inmates.

42.     Defendant Washington County's conduct was deliberately indifferent to the serious medical needs of plaintiff, thus subjecting plaintiff to cruel and unusual punishment under the Eighth Amendment of the United States Constitution and plaintiff's right to due process of law under the Fourteenth Amendment to the United States Constitution.

43.     As a result of Washington County's violations of Mr. Simms-Belaire's Constitutional rights, he suffered a painful and ulcerated ankle, an infection, hospitilzation and pain and suffering during and after his incarceration at the Washington County Jail. Accordingly, Mr. Simms-Belaire is entitled to economic and noneconomic damages in an

Page 9     COMPLAINT

LYNN S. WALSH,
OSB#924955
Suite 415
610 SW Alder Street
Portland, Oregon 97205
(503) 790-2772
walsh@europa.com

amount to be determined at trial for the violation of 42 U.S.C. § 1983, and plaintiff's attorney fees and costs pursuant to 42 U.S.C. § 1988.

## FOURTH CAUSE OF ACTION

**(Negligence- Against Defendants Naphcare and Washington County)**

44. Plaintiff re-alleges paragraphs 1-28.

45. Plaintiff gave a tort claim notice to Washington County on or about August 20, 2018.

46. The agents and employees of Defendant Washington County were negligent in the following particulars:

    a. In failing to provide Mr. Simms-Belaire with his personal hi-top shoes;

    b. In failing to provide Mr. Simms-Belaire with appropriately fitting and protective footwear; and

    c. In failing to appropriately treat the ulcer and subsequent infection of his ankle.

47. Washington County's agents and employees knew, or should have known that their acts and omissions would result in a foreseeable risk of harm to Mr. Simms-Belaire;

48. Washington County's agents and employees' conduct was unreasonable in light of the risk of harm to Mr. Simms-Belaire.

49. As a direct and proximate result of the defendants' acts or omissions, Mr. Simms-Belaire has incurred medical bills, and suffered non-economic damages in an amount to be determined at trial.

WHEREFORE, plaintiff prays for relief as follows:

LYNN S. WALSH,
OSB#924955
Suite 415
610 SW Alder Street
Portland, Oregon 97205
(503) 790-2772
walsh@europa.com

    a.  For judgment in favor of plaintiff against defendants for economic and non-economic damages in an amount to be determined at trial;

    b.  For reasonable attorneys' fees and costs pursuant to 42 U.S.C. §§ 1983 and 12205, and 29 U.S.C. §794(b); and

    c.  For such other and further relief as may appear just and appropriate.

DATED: February 28, 2020.    /s/ Lynn S. Walsh
    Lynn S. Walsh, OSB #92495
    (503)790-2772
    (503)227-6840(fax)
    walsh@europa.com
    Attorney for plaintiff

Page 11    COMPLAINT

LYNN S. WALSH,
OSB#924955
Suite 415
610 SW Alder Street
Portland, Oregon 97205
(503) 790-2772
walsh@europa.com